UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

PATRICK GROVER,

    Plaintiff,

v.

TRACI PEREZ,

    Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:21-cv-0252

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Traci Perez.[1] (ECF No. 79, 81). Defendant Perez, *pro se*, did not file a response to that motion. Having conducted an evidentiary hearing, and for the reasons articulated below, the undersigned judicial officer recommends that the Court grant the motion for default judgment and enter a judgment against Defendant Perez in the amount of $50,000 plus attorney's fees and costs.

### Background and Procedural History

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC), currently at the Richard A. Handlon Correctional Facility. The events giving rise to this lawsuit occurred at the Oaks Correctional Facility.

---

[1] The complaint used the name Traci Lange. Ms. Lange informed the Court on June 6, 2022, that she had married and her last name had changed to Perez. The Court, with consent of Plaintiff, ordered the case caption to reflect Ms. Perez' current name.

Plaintiff filed his complaint on March 18, 2021, against Traci Perez, a former corrections officer, and six other corrections officers. (ECF No. 1). Ms. Perez was properly served with the complaint and summons (ECF No. 13), but did not file an appearance or a responsive pleading. On January 14, 2022, the undersigned issued a Report and Recommendation that the Court grant the summary judgment motion filed by the six current corrections officers due to Plaintiff's failure to exhaust his administrative remedies regarding those defendants. (ECF No. 43). The undersigned also recommended that Plaintiff be ordered to move for entry of default and default judgment as to Defendant Perez. (*Id.*, PageID.303).

On February 16, 2022, the Court adopted the Report and Recommendation and dismissed the claims against the six corrections officers without prejudice.[2] (ECF No. 47). The Court also ordered Plaintiff to move for entry of default and default judgment as against Defendant Perez within thirty days of the date of the Order. (*Id.*, PageID.339). Plaintiff filed his application for default against Defendant Perez on March 3, 2022. (ECF No. 49). The Clerk of Court entered the default the same day. (ECF No. 50). On March 4, 2022, Plaintiff filed a motion for default judgment. (ECF No. 51).

A hearing on Plaintiff's motion for default judgment was held on May 4, 2022. (Minutes, ECF No. 61). Defendant Perez filed a *pro se* notice of appearance that day (ECF No. 60), and appeared at the hearing (*see* ECF No. 61, PageID.393). During the

---

[2] Plaintiff's retaliation claims against three of the corrections officers, Defendants Stone, Johnson and, Nalley, have been reinstated. (*See* Order, ECF No. 97).

hearing, Ms. Perez asked the Court for time to find an attorney to represent her in this matter.³ The Court agreed to give her thirty days, and it set a video status conference for June 6, 2022. (Notice, ECF No. 62). During the June 6 status conference, Ms. Perez informed the Court that she was unable to retain counsel and intended to proceed in *pro per*. The issue of default was discussed, and it was determined that the Case Management Order (CMO) (ECF No. 14) required Ms. Perez to make an appearance despite the fact that she was not required to file an answer.⁴ Ms. Perez disputed that she was served a copy of the CMO, despite Plaintiff counsel's assertion that he had served it. The Court ordered Plaintiff to file, within seven days, a motion to enforce default, along with a certificate of service for the CMO, and ordered Ms. Perez to respond, within thirty days thereafter, with any relevant evidence. (ECF No. 65, PageID.397-98).

Plaintiff filed the motion to enforce default on June 13, 2022. (ECF No. 66). Plaintiff also filed a certificate of service indicating that he had served Ms. Perez by first-class mail with a copy of the CMO on September 1, 2021. (ECF No. 66, PageID.405). On July 14, 2022, Ms. Perez filed a response denying that she received any documents through the Postal Service. (ECF No. 67, PageID.406). On July 14, 2022, Ms. Perez also filed an answer to the complaint. (ECF No. 68).

---

³ The hearing was audio recorded and the recording is available upon request.

⁴ The hearing was audio recorded and the recording is available upon request.

On August 19, 2022, the Court conducted a hearing by video on the motion to enforce default at which Plaintiff's counsel and Defendant Perez, *pro se*, appeared. (Minutes, ECF No. 74). During the hearing, Defendant Perez admitted that she was personally served with the complaint and summons by July 15, 2021, and that she was required to respond to the complaint.[5] Following that hearing, the Court declined to vacate the entry of default. (*See* 8/19/22 Order, ECF No. 75, PageID.429). But the Court dismissed without prejudice the pending motions for default judgment (ECF No. 51) and to enforce default and for entry of default judgment (ECF No. 66), due to Defendant Perez' claim that she had not been served with these motions. (ECF No. 75, PageID.428). The Court ordered Plaintiff to refile his motion for default judgment, setting out the amount and bases of damages sought; it ordered Ms. Perez to file a response addressing all issues, including damages; and it set an evidentiary hearing for November 17, 2022. (*Id.*, PageID.429).

Plaintiff filed his motion for default judgment on September 23, 2022, along with two exhibits. (ECF No. 79).[6] He is seeking $250,000 in damages for mental and emotional distress. (*Id.*, PageID.440). On October 20, 2022, Plaintiff filed a supplement to his motion, which included a report from Social Worker Mary Petersen

---

[5] The hearing was audio recorded and the recording is available upon request.

[6] The exhibits are letters or notes Ms. Lange sent Plaintiff (ECF No. 79, PageID.443-57) and a curriculum vitae for Social Worker and Psychotherapist Mary Petersen (ECF No. 79, PageID.459-64). The letters and the curriculum vitae were later admitted as evidence, without objection, during the November 17, 2022, hearing. (*See* Hrg Tr. at 9, ECF No. 92, PageID.513; *id.* at 22, PageID.526).

regarding Plaintiff's purported mental and emotional distress resulting from Ms. Perez' sexual abuse. (ECF No. 81). Defendant Perez did not file a response to the motion.

On November 17, 2022, the Court conducted an evidentiary hearing concerning damages. (Hrg Tr., ECF No. 92). During the hearing, Ms. Perez again conceded that a default had been properly entered and that the only remaining issue was damages. (*Id.* at 3, PageID.507). Plaintiff offered testimony from two witnesses, himself (*Id.* at 4-17, PageID.508-21) and that of a clinical social worker and psychotherapist, Mary Petersen (*Id.* at 18-34, PageID.522-38). Ms. Perez declined cross-examination of Plaintiff and asked only a few questions of Ms. Petersen concerning the number of sessions she had with Plaintiff and the length of time Plaintiff suffered depression. (*See id.* at 18, PageID.522, and 33-34, PageID.537-38). For her part, Ms. Perez offered only her own testimony. (*Id.* at 35-41, PageID.539-45).

## Discussion

A.   Liability

Given that Defendant Perez defaulted, she is deemed to have admitted all of the well-pled facts in Plaintiff's complaint. *AF Holdings LLC v. Bossard*, 976 F. Supp.2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pled, the allegations in the complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. *McMasters v. Captain Friedt Tower Services, LLC*, Case No. 5:22-cv-107, 2022 WL 17104543, *3 (N.D. Ohio Nov. 21, 2022) (citations omitted); *see also* FED. R. CIV.

P. 8(a).  The allegations the instant complaint, now deemed admitted, support a finding that Plaintiff is entitled to relief under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment.  *See Rafferty v. Trumbull County, Ohio*, 915 F.3d 1087, (6th Cir. 2019) ("Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment . . . whether the sexual abuse is perpetrated by other inmates . . . or by guards." (citations omitted)).

According to the complaint, Defendant Traci Lange (now Perez) was a Corrections Officer with the MDOC, who began working in the unit in which Plaintiff was housed in September 2019.  (Complaint at ¶¶ 4,6, ECF No. 1, PageID.2).  Soon thereafter, Ms. Perez approached Plaintiff and commented favorably on his physique.  (*Id.* at ¶¶ 7-8).  She told Plaintiff that "he needed a woman like her and that she could pull strings to get him home." (*Id.* at ¶ 9).  Plaintiff was "uncomfortable with [Perez'] interest and tried to distance himself from her." (*Id.* at ¶ 10).  Ms. Perez later began "blowing kisses" at Plaintiff during rounds, and she wrote him letters in which she stated that "she wanted to have sex with him." (*Id.* at ¶¶ 11-12).  On a number of occasions, Ms. Perez asked Plaintiff "to show her his private parts," and she took Plaintiff into closets and other places without cameras to have sex with him.  (*Id.* at ¶¶ 13-14).  She threatened to claim that Plaintiff had raped her if he stopped having sex with her.  (*Id.* at ¶ 16).  She also threatened to take disciplinary action against him and otherwise "make his life miserable if he stopped having sex with her." (*Id.* at ¶¶ 17-18).

That the allegations establish a violation of Plaintiff's constitutional rights does not automatically entitle him to a default judgment. "Even after entry of default, the decision to grant a default judgment is within the Court's discretion." *AF Holdings*, 976 F.Supp.2d at 929 (citations omitted). In determining whether to enter a default judgment, courts consider such factors as " 'the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.' " *Id.* (quoting 10A Charles A. Wright, et. al, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). In the instant case, the factors favor the entry of a default judgment.

Having considered the evidence from the November 17, 2022, hearing, there is little doubt that Defendant Perez used her former position as a corrections officer to manipulate and sexually abuse Plaintiff. Plaintiff produced the letters Ms. Perez wrote to him. In these letters, Ms. Perez expresses her love for Plaintiff and her sexual interest in him (*see* ECF No.79, PageID.443-56) including graphic descriptions of sexual intercourse with him (*id.*, PageID.450-52).[7] Ms. Perez does not deny having written the letters to Plaintiff. (Hrg Tr. at 36, ECF No. 92, PageID.540). Instead, she claims that she wrote the letters because she was "physically threatened" and

---

[7] The letters were admitted into evidence as Exhibit 1 without objection from Defendant Perez. (Hrg Tr. at 9, ECF No. 92, PageID.513).

"mentally abused," and that she wrote what she "was told to write." (*Id.* at 36, 38-39; PageID.540, 542-43).

Ms. Perez' testimony is not credible. A review of the letters reveals a level of emotion and intensity that is highly unlikely to be found in coerced statements. It is particularly unlikely that Ms. Perez would offer information about her daughter and her home life (*see* ECF No. 79, PageID.446-48, 453), if the letters were the result of extortion by a prisoner. Moreover, Ms. Perez' explanation for not reporting the alleged threats and abuse to her supervisors – fear of retaliation against her family (Hrg Tr. at 36, ECF No. 92, PageID.540) – is, on the present record, implausible. If a simple threat by a prisoner, without evidence of an ability to carry it out, was sufficient to coerce corrections officers into taking actions dictated by prisoners, the security in facilities of the MDOC would have broken down long ago. Particularly telling is Ms. Perez' claim that the reason she resigned from her corrections officer position was that she "did not feel comfortable working in that type of environment" (*id.* at 40, PageID.544), an option readily available to her before writing the letters to Plaintiff.

    B.    <u>Damages</u>

While well pled allegations, deemed admitted by default, are sufficient to establish liability, Plaintiff must still prove his damages. *See McMasters*, 2022 WL 17104543 at *4. The civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mills Pride, L.P. v. W.D. Miller Enterprises*, Case No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

8

Plaintiff testified that he has suffered "heavy anxiety" and a diminished "self worth." (Hrg Tr. at 14, ECF No. 92, PageID.518). He has difficulty trusting other persons, particularly women. This has interfered with his ability to obtain counseling services in prison. (*Id.* at 14-17, PageID.518-21). The undersigned has found Plaintiff's testimony credible.

Plaintiff's testimony is corroborated by Mary Petersen, a clinical social worker and psychotherapist who evaluated Plaintiff's mental and emotional condition based on four therapy sessions, along with a biopsychosocial history she had Plaintiff fill out. (Hrg Tr. at 23-24, PageID.527-28). Ms. Peterson offered an opinion that Plaintiff "suffers from post traumatic stress disorder as a result of the alleged abuse he sustained in prison, and persistent depressive disorder, which is basically low grade chronic depression that has existed for many years." (*Id.* at 25, PageID.529). Ms. Peterson noted that Plaintiff exhibits "significant distress," which is reflected in trouble sleeping, eating problems, nightmares, and difficulty urinating in the presence of a cell mate. (*Id.* at 27, PageID.531). She opined that these symptoms of mental and emotional distress are "specific to most survivors of sexual abuse." (*Id.* at 28, PageID.532).

Ms. Peterson noted that Plaintiff's prognosis is "guarded," but she is "cautiously optimistic" about his ability to recover with proper counseling. (*Id.* at 28-30, PageID.532-34). She recommends that Plaintiff be given counseling sessions as often as once a week for up to two years, and that he continue to receive some level of counseling for several more years. (*Id.* at 30-31, PageID.534-35). Ms. Petersen

9

believes Plaintiff's timeline for recovery is approximately five years. (*Id.* at 32, PageID.536).[8] Ms. Petersen charges $160 per counseling session, each of which lasts fifty minutes. (*Id.* at 23, 31; PageID.527, 535).

Plaintiff seeks $250,000 in damages for emotional and mental distress resulting from the sexual abuse and harassment Ms. Lange inflicted upon him. (ECF No. 79, PageID.440). While Plaintiff has proven his entitlement to monetary recovery, this is excessive.

The undersigned judicial officer recommends that default judgment be entered against Defendant Traci Perez in favor of Plaintiff with a monetary award of $50,000 plus attorney's fees and costs. The award includes approximately $30,000 to compensate him for counseling services, which is computed by affording Plaintiff weekly sessions for two years and bi-weekly sessions for the following three years. This would total 182 sessions, which at $160 per session totals $29,120. The amount of attorney's fees and costs would be determined through the filing of a post-judgment petition.[9]

---

[8] That Plaintiff had pre-existing depression does not alter the fact that the manipulation and sexual abuse Defendant Perez inflicted upon him caused mental and emotional harm for which he is entitled to relief.

[9] Ms. Petersen charged $300 for her expert testimony. (Hrg Tr. at 32, ECF No. 92, PageID.536). That can be recovered through a petition for costs.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date: June 8, 2023                              /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge