UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GROVER #439559,

    Plaintiff,

v.

    CASE NO. 1:21-cv-252

    HON. ROBERT J. JONKER

TRACI PEREZ,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECCOMENDATION

Plaintiff is an MDOC prisoner who claims Defendant Traci Lange Perez violated his Eighth Amendment rights by repeatedly subjecting him to sexual assault and threatening reprisal if he reported the matter. Default entered against Defendant Perez based on her failure to appear and defend as required by rule. (ECF No. 50.) Plaintiff then moved for entry of default judgment. (ECF No. 79.) The Magistrate Judge conducted an evidentiary hearing on the motion. (ECF No. 92.) Defendant Perez appeared at the evidentiary hearing to oppose the motion. The Magistrate Judge entered his Report and Recommendation that the Court grant plaintiff's motion and award damages of $50,000, plus attorney's fees and costs. (ECF No. 98.) Defendant Perez objected to the Report and Recommendation. (ECF No. 104.) Plaintiff filed a response in support of it. (ECF No. 106.)

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 98) and Defendant Perez's Objections (ECF No. 104), and Plaintiff's Response (ECF No. 106). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has conducted a de novo review of the record. This has included a review of the transcript of the hearing and the exhibits admitted during the hearing. The Court has also listened to the original audio recording of the testimony of Plaintiff, Plaintiff's social work expert and Defendant Perez herself to glean any additional nuance that might not be available from the printed transcript alone. Based on this de novo review, the Court is satisfied that the Magistrate Judge made the correct call. The Court therefore overrules Defendant's objections and adopts the Report and Recommendation in full.

The only real objection defendant makes to the Report and Recommendation has as much to do with her underlying liability as it does with Plaintiff's damages. Defendant flatly denies manipulating or assaulting plaintiff in any way. She does admit to writing the letters and notes that were admitted into evidence and that describe—sometimes in graphic detail—her sexual attraction to Plaintiff, her hopes for a life with plaintiff that includes having him impregnate her and some of her memories of past sexual encounters with him. (*See* ECF No. 76, PageID.443-56; Hrg Tr. At 36, ECF No. 92, PageID.540.) But she claims that she wrote these letters only because

plaintiff threatened her and her family if she did not do so, and that she only wrote what plaintiff told her to write. (Hrg Tr. At 36, 38-39, ECF No.92, PageID.540, 542-43.) Of course, the entry of the default is sufficient by itself to reject these objections because they are contrary to the facts established by the default.

But in this case there is more than the default alone that weighs against Defendant Perez's objection. The Magistrate Judge found that defendant's denials lacked credibility (ECF No. 98, PageID.569), and after *de novo* review, this Court agrees. The Court recognizes that work as a corrections officer is difficult, and that working as a female officer in a male facility creates unique challenges. It is not hard to imagine in a setting like that how sexual manipulation and abuse could arise, whether perpetrated by an inmate or an officer. But on this record, the Court is easily satisfied by a preponderance of the evidence that the perpetrator was Defendant Perez and that the victim was Plaintiff—not the other way around. The Court agrees with and adopts the Magistrate Judge's credibility analysis. (*Id.*)

There are no specific objections by either party to the Magistrate Judge's determination that an appropriate award of damages is $50,000, plus costs and attorney fees. And the Court finds no basis to question that determination in any event. The Court will therefore enter default judgment against Defendant Traci Lange Perez in that amount. Moreover, because the Court finds under Rule 54(b) no just reason for delay, the Court will enter the Default Judgment as final judgment of the claims by Plaintiff against Defendant Traci Lange Perez. Plaintiff may pursue costs and attorney fees under Rule 54(d). The remaining claims against remaining Defendants will proceed on the schedule established by the Magistrate Judge. (ECF No. 107.)

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 98) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** Plaintiff Grover is entitled to a default judgment against Defendant Perez in the amount of $50,000, plus attorney's fees and costs to be determined through the filing of a post-judgment petition.

A separate Judgment shall issue.

Dated:   June 30, 2023                 /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE