UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PATRICK GROVER,

    Plaintiff,

v.

    Hon. Robert J. Jonker

    Case No. 1:21-cv-0252

TRACI PEREZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Costs and Attorney Fees as the prevailing party. (ECF No. 110). Defendant Perez, *pro se*, has not responded to that motion and the deadline has long passed. Having considered the motion and the supporting documentation, and for the reasons articulated below, the undersigned judicial officer recommends that the Court grant the motion for costs and fees in full, awarding Plaintiff $16,975.00 in fees and $4,459.91 in costs.

**Background and Procedural History**

Plaintiff filed his complaint on March 18, 2021, against Traci Perez, a former corrections officer, and six other corrections officers. (ECF No. 1). Ms. Perez was properly served with the complaint and summons (ECF No. 13), but did not file an appearance or a responsive pleading. Plaintiff filed an application for default against Defendant Perez on March 3, 2022. (ECF No. 49). The Clerk of Court entered the

default the same day. (ECF No. 50). On March 4, 2022, Plaintiff filed a motion for default judgment. (ECF No. 51).

A hearing on Plaintiff's motion for default judgment was held on May 4, 2022. (Minutes, ECF No. 61). Defendant Perez filed a *pro se* notice of appearance that day (ECF No. 60), and appeared at the hearing (*see* ECF No. 61, PageID.393). During the hearing, Ms. Perez asked the Court for time to find an attorney to represent her in this matter.[1] The Court agreed to give her thirty days, and it set a video status conference for June 6, 2022. (Notice, ECF No. 62). During the June 6 status conference, Ms. Perez informed the Court that she was unable to retain counsel and intended to proceed in *pro per*. The issue of default was discussed, and it was determined that the Case Management Order (CMO) (ECF No. 14) required Ms. Perez to make an appearance despite the fact that she was not required to file an answer.[2] Ms. Perez disputed that she was served a copy of the CMO, despite Plaintiff counsel's assertion that he had served it. The Court ordered Plaintiff to file, within seven days, a motion to enforce default, along with a certificate of service for the CMO, and ordered Ms. Perez to respond, within thirty days thereafter, with any relevant evidence. (ECF No. 65, PageID.397-98).

Plaintiff filed the motion to enforce default on June 13, 2022. (ECF No. 66). Plaintiff also filed a certificate of service indicating that he had served Ms. Perez by

---

[1] The hearing was audio recorded and the recording is available upon request.

[2] The hearing was audio recorded and the recording is available upon request.

2

first-class mail with a copy of the CMO on September 1, 2021. (ECF No. 66, PageID.405). On July 14, 2022, Ms. Perez filed a response denying that she received any documents through the Postal Service. (ECF No. 67, PageID.406). On July 14, 2022, Ms. Perez also filed an answer to the complaint. (ECF No. 68).

On August 19, 2022, the Court conducted a hearing by video on the motion to enforce default at which Plaintiff's counsel and Defendant Perez, *pro se*, appeared. (Minutes, ECF No. 74). During the hearing, Defendant Perez admitted that she was personally served with the complaint and summons by July 15, 2021, and that she was required to respond to the complaint.[3] Following that hearing, the Court declined to vacate the entry of default. (*See* 8/19/22 Order, ECF No. 75, PageID.429). But the Court dismissed without prejudice the pending motions for default judgment (ECF No. 51) and to enforce default and for entry of default judgment (ECF No. 66), due to Defendant Perez' claim that she had not been served with these motions. (ECF No. 75, PageID.428). The Court ordered Plaintiff to refile his motion for default judgment, setting out the amount and bases of damages sought; it ordered Ms. Perez to file a response addressing all issues, including damages; and it set an evidentiary hearing for November 17, 2022. (*Id.* at PageID.429).

Plaintiff filed a motion for default judgment on September 23, 2022. (ECF No. 79). He sought $250,000 in damages for mental and emotional distress. (*Id.* at PageID.440). On October 20, 2022, Plaintiff filed a supplement to his motion, which

---

[3] The hearing was audio recorded and the recording is available upon request.

included a report from Mary Petersen, a clinical social worker and psychotherapist, regarding Plaintiff's mental and emotional distress resulting from Ms. Perez' sexual abuse. (ECF No. 81). Defendant Perez did not file a response to the motion.

On November 17, 2022, the Court conducted an evidentiary hearing concerning damages. (Hrg Tr., ECF No. 92). During the hearing, Ms. Perez again conceded that a default had been properly entered and that the only remaining issue was damages. (*Id.* at 3, PageID.507). Plaintiff offered testimony from two witnesses, himself (*id.* at 4-17, PageID.508-21) and that of Mary Petersen (*Id.* at 18-34, PageID.522-38). Ms. Perez declined cross-examination of Plaintiff and asked only a few questions of Ms. Petersen concerning the number of sessions she had with Plaintiff and the length of time Plaintiff suffered depression. (*See id.* at 18, PageID.522, and 33-34, PageID.537-38). For her part, Ms. Perez offered only her own testimony. (*Id.* at 35-41, PageID.539-45).

On June 8, 2022, the undersigned judicial officer issued a Report and Recommendation, recommending that the Court enter a default judgment against Defendant Perez and in favor of Plaintiff Patrick Grover in the amount of $50,000. (ECF No. 98, PageID.571). The undersigned also recommended that Plaintiff be awarded attorney's fees and costs, to be determined in a post-judgment petition. (*Id.*). Defendant Perez filed objections to the Report and Recommendation on June 21, 2023 (ECF No. 104), and Plaintiff filed a response two days later (ECF No. 106). On June 30, 2023, the Court overruled Defendant Perez's objections, and approved and adopted the Report and Recommendation as the opinion of the Court. (ECF No. 108).

Plaintiff filed his motion for fees and costs on July 13, 2023. (ECF No. 110). A copy was served on Defendant Perez the same day at her address of record. (Cert. Serv., ECF No. 111, PageID.622). Defendant Perez has failed to respond.

## Discussion

I.   <u>Attorney</u> <u>Fees</u>

The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

In determining a reasonable hourly rate, "[o]rdinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6 (M.D. Fla. June 1, 2007)). The Court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See*

*Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3).

Plaintiff's counsel seeks an hourly rate of $350.00. (ECF No. 110, PageID.604). Counsel has been in practice some 36 years, and has been admitted to practice in this Court for the same period of time. (*Id.* at PageID.603). Several years ago, a Michigan Circuit Court found reasonable an hourly rate of $300.00 for Plaintiff's counsel, noting "the rate could even be higher." (Hr. Tr. Macomb Cty Cir. Ct, Aug. 4, 2017, found at ECF No. 110-3, PageID.612-13). The Court has reviewed the 2020 edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan. (*See* www.michbar.org/file/pmrc/articles/0000155.pdf). This is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)). "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at *5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

According to that survey, the mean hourly rate for attorneys in Grand Rapids is $312.00, and the mean hourly rate for plaintiff's attorneys practicing in the area of employment law is $332.00. (*See* www.michbar.org/file/pmrc/articles/0000155.pdf, at Tables 6 & 7 (last viewed 9/6/23)). The mean hourly rate for attorneys with more

6

than 35 years of practice is $317.00.  (*See id.* at Table 4).  Informed with this information, and cognizant that the information is somewhat dated, it is the undersigned's judgment that the requested hourly rate is reasonable.  Moreover, the Court notes that Defendant Perez has not objected to the hourly rate sought.

The next inquiry addresses the number of hours claimed.  In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."  *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).  The party seeking an award of attorneys' fees has the burden of proving the number of hours reasonably expended on the litigation.  *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The Court has reviewed Plaintiff counsel's itemized description of the work performed in this matter from the billing records provided.  (*See* ECF No. 110-4).  The Court finds the work performed and the time expended to be reasonable.  The time expended totals 48.5 hours.  Multiplying these hours by the $350.00 hourly rate results in a fee award of $16,975.00.

II.     Costs

Plaintiff has submitted a bill of costs in the amount of $4,459.91.  (ECF No. 110-5).  This includes the filing fee, service and other fees, as well as expert fees

for Mary Petersen, the clinical social worker and psychotherapist who evaluated Plaintiff's mental and emotional condition based on four therapy sessions, and who testified at length at the November 17, 2022, evidentiary hearing. (Hr. Tr. at 18-34, ECF No. 92, PageID.522-38). Defendant Perez has not filed any objection to the bill of costs, which was served on her July 13, 2023 (ECF No. 111, PageID.622), resulting in a waiver of her right to object. *See* W.D. MICH. LCIVR. 54.1 ("If a bill of costs is filed, any party objecting to the taxation of costs must file a motion to disallow all or part of the claimed costs within fourteen (14) days of service of the bill of costs on that party."). Accordingly, and having found the costs to be reasonable, the undersigned recommends that the Court approve them in full.

In conclusion, and for the reasons articulated herein, the undersigned recommends that Plaintiff's counsel be awarded $21,434.91 ($16,975.00 in fees plus $4,459.91 in costs) such amount to be paid by Defendant Traci Perez

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 7, 2023                             /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge

8