UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GROVER, #439559,

        Plaintiff,

v.

TRACI LANGE, et al.,

        Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:21-cv-252

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 130).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility.   The events giving rise to this action occurred at the Oaks Correctional Facility.   Plaintiff initiated this action against the following individuals: (1) Traci Lange; (2) Sergeant O'Brien; (3) Sergeant Johnson; (4) Sergeant Stone; (5) Corrections Officer Nalley; (6) Corrections Officer Morrow; and (7) Corrections Officer Clem.   In his complaint, (ECF No. 1), Plaintiff alleges the following.

-1-

In September 2019, Defendant Lange began working in Plaintiff's housing unit. Soon thereafter, Lange commented favorably on Plaintiff's physique. Lange told Plaintiff "that he needed a woman like her and that she could pull strings to get him home." Plaintiff was "uncomfortable with [Lange's] interest and tried to distance himself from her." Lange later began "blowing [Plaintiff] kisses" during rounds. Lange also wrote Plaintiff letters in which she stated "she wanted to have sex with [Plaintiff] and wanted to explore sex in every way with him."

While making rounds, Lange "would ask Plaintiff to show her his private parts." On "multiple" occasions, Lange "would take [Plaintiff] into a closet, or other places, where there were no cameras and have sex with him." Lange told Plaintiff that "she would claim rape if he stopped having sex with her" and that "she had friends in the facility that would make his life miserable if he stopped having sex with her." Lange also told Plaintiff that she "would put him in the hole if [he] stopped having sex with her or if he told anyone."

Plaintiff eventually began "paying inmates to write kites that [Plaintiff and Lange] were in a relationship." In June 2020, Lange resigned her position with the MDOC. On July 5, 2020, Plaintiff filed a complaint under the Prison Rape Elimination Act (PREA). On August 18, 2020, Plaintiff hired an attorney to represent him in this matter "immediately" after which he "was retaliated against." Specifically, Defendant Nalley "repeatedly told [Plaintiff] to drop the lawsuit or suffer the consequences." Plaintiff "ignored" this instruction and the next day a knife, which had been planted by

Defendants Stone and Johnson, at Defendant Nalley's behest, was discovered in his cell. Plaintiff was convicted of possessing contraband and also possessing a weapon and placed in segregation.[1]

Plaintiff alleged that Defendants violated his First and Eighth Amendment rights.   Defendant Lange declined to defend Plaintiff's allegations and default judgment in the amount of $50,000, plus costs and attorney's fees, was entered against her.   (ECF No. 108-09, 124).   The only claims remaining at this juncture are Plaintiff's First Amendment retaliation claims against Defendants Stone, Johnson, and Nalley who now move for summary judgment.   Plaintiff has responded to Defendants' motion. The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398

---

[1] As discussed herein, Plaintiff had an opportunity to litigate the question whether the weapon had been planted in his cell.   This factual issue was decided against Plaintiff and is afforded preclusive effect in the present context.

-3-

F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law."
*Harden*, 993 F.3d 465 at 474.

## ANALYSIS

### I.    Retaliation Standard

Plaintiff alleges that Defendants Stone, Johnson, and Nalley retaliated against him in response to his decision to obtain legal counsel and seek redress for the violation of his rights by Defendant Lange.   To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.   *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

### II.    Defendants Johnson and Stone

Plaintiff alleges that Johnson and Stone retaliated against him by planting a weapon in his cell.   Defendants argue that they are entitled to relief because a hearing officer, in finding Plaintiff guilty of possessing contraband and possessing a weapon, specifically rejected the argument that the weapon discovered in Plaintiff's cell had been planted by Defendants Johnson or Stone or anybody else.   Defendants argue this factual determination is entitled to preclusive effect in the present context.

The Sixth Circuit has articulated four criteria which must be satisfied before a hearing officer's factual findings are afforded preclusive effect.   The first three criteria

-5-

are: (1) the hearing officer must have been acting in a judicial capacity; (2) the hearing officer must have resolved a disputed issue of fact properly before him or her; and (3) the prisoner had an adequate opportunity to litigate the factual dispute. *Peterson v. Johnson*, 714 F.3d 905, 912-13 (6th Cir. 2013). If these three criteria are satisfied, the hearing officer's factual findings are afforded "the same preclusive effect [they] would be given in state courts." *Id.* at 913.

As Plaintiff correctly notes, the Sixth Circuit later clarified that "*Peterson* is not a blanket blessing on every factual finding in a major-misconduct hearing." *Roberson v. Torres*, 770 F.3d 398, 404 (6th Cir. 2014). Rather, "the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so – not just in theory, but in practice." *Id.* at 404-05.

Defendants have submitted the Misconduct Hearing Report, which indicates that the hearing was conducted by a hearing officer. (ECF No. 131-7, PageID.746). This report indicates that Plaintiff was present for the hearing and was informed of the charges against him. (*Id.*). Specifically, Plaintiff was charged with possessing contraband, which he conceded possessing, and possessing a weapon, which he alleged had been planted in his belongings by others. (ECF No. 131, PageID.742-46). Plaintiff testified at his deposition in this matter that he was permitted to present evidence at the prison hearing. (ECF No. 133-2, PageID.797). The Hearing Officer found Plaintiff

guilty of both charges, concluding that Plaintiff "is not believed when he admits to possessing contraband but denies possessing the weapon that was found in the same place as the contraband."   (ECF No. 131-7, PageID.746).

Plaintiff nonetheless challenges the misconduct hearing as a violation of his due process rights.   Plaintiff argues that Defendants Johnson and Stone did not appear at the hearing and, therefore, were not subject to cross-examination.   Plaintiff has failed, however, to present any evidence indicating that he requested to cross-examine Defendants and was denied the opportunity.   Moreover, even if the Court assumes that Plaintiff sought unsuccessfully to cross-examine Defendants such would not constitute a due process violation.   *See Brown v. Klotz*, 2022 WL 6576942 at *8 (E.D. Mich., Mar. 16, 2022) (noting that "the Constitution does not impose the requirement of confrontation and cross-examination in prison disciplinary hearings").   Plaintiff has since had the opportunity to question Defendants under oath and has failed to identify any testimony from such efforts which undermines the Hearing Officer's decision or the process the Hearing Officer employed.

Plaintiff also faults the Hearing Officer for failing to examine a "Daily Search Log."   According to Plaintiff, this log reveals that prior to the search by Defendants Johnson and Stone, which uncovered the contraband and weapon, Plaintiff's cell was searched twice without the discovery of contraband or weapon.   (ECF No. 133-4, PageID.816).   Plaintiff has again presented no evidence that he sought to introduce this evidence at his hearing but was refused.   Moreover, absent evidence regarding the

-7-

nature and timing of the searches conducted by these other prison officials, including why these previous searches did not discover the contraband which Plaintiff conceded possessing, this evidence is far less probative than Plaintiff suggests.

In short, the Court finds that the first three elements of the *Peterson* analysis, identified above, are satisfied.   The Hearing Officer was acting in a judicial capacity. Plaintiff was afforded an adequate opportunity to argue his claim that the weapon found in his cell was planted by Defendants.    Finally, the Hearing Officer resolved this dispute of fact.    While Plaintiff has now identified certain evidence that he, in hindsight, perhaps wishes the Hearing Officer would have considered, Plaintiff has presented no evidence (1) that he was precluded from presenting this evidence, or (2) that consideration of such would reasonably have resulted in a different outcome.    Due process in this context affords Plaintiff the following: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action.   *Brown*, 2022 WL 6576942 at *8 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)).    Plaintiff was afforded these protections. Having satisfied the initial *Peterson* criteria, the question becomes whether the hearing officer's factual findings would be afforded preclusive effect in state court.

This analysis is similar and considers the following factors: (1) was the fact in question actually litigated and essential to the Hearing Officer's decision; (2) did the parties have a full and fair opportunity to litigate the matter; (3) is there mutuality of

estoppel; (4) was the decision by the Hearing Officer adjudicatory in nature; (5) did Plaintiff have the right to appeal the Hearing Officer's decision; and (6) did the Michigan legislature intend for the Hearing Officer's decision to be final absent an appeal. *See Peterson*, 714 F.3d at 913-14. These requirements are all satisfied here. *Ibid.* Accordingly, the question whether Defendants Johnson and Stone planted a weapon in Plaintiff's cell has been resolved. This question having been resolved in the negative, Plaintiff's retaliation claim fails. Accordingly, the undersigned recommends that Defendants Johnson and Stone are entitled to summary judgment.

## III.  Defendant Nalley

As noted above, Plaintiff alleges that Defendant Nalley retaliated against him by threatening to impose "consequences" on Plaintiff if he continued to prosecute his lawsuit regarding the violation of his rights by Defendant Lange. Specifically, Plaintiff alleges that Defendant Nalley participated in the scheme, with Defendants Johnson and Stone, to plant a weapon in his cell thereby subjecting him to a major misconduct charge. Defendant Nalley argues that he is entitled to relief because Plaintiff cannot satisfy the adverse action prong of the analysis.

Regarding the charge against Plaintiff of possessing a weapon, the central question was whether the weapon discovered in Plaintiff's cell had been improperly planted there or was instead unlawfully possessed by Plaintiff. As previously noted, this factual dispute was resolved against Plaintiff by the Hearing Officer. Given this factual determination, Plaintiff's retaliation claim against Defendant Nalley fails.

While it may constitute adverse action to participate in the issuance of a false misconduct charge, in an "attempt to frame a prisoner," it does not constitute adverse action to charge a prisoner with a misconduct violation which is found, following a hearing, to be properly asserted.  *See, e.g., Bey v. Hissong*, 2022 WL 3969831 at *3-4 (6th Cir., Apr. 19, 2022) (issuance of a misconduct charge is not an adverse action where charge is found to be properly asserted).  Accordingly, the undersigned recommends that Defendant Nalley is entitled to summary judgment.[2]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 130) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

---

[2] To the extent Plaintiff argues that Defendant Nalley also commented that Plaintiff would suffer "consequences" for seeking relief against Defendant Lange, such comments are too vague to constitute adverse action.  *See, e.g., Hardy v. Adams*, 2018 WL 3559190 (6th Cir., Apr. 13, 2018).   The only specific allegation Plaintiff makes against Defendant Nalley is that he participated in the scheme to falsely charge him with possessing a weapon which, as discussed herein, is insufficient to maintain a retaliation claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                    Respectfully submitted,

Date: April 24, 2024               /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge